IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL HEALTH SERVICES, INC. and UNIVERSAL HEALTH SERVICES, INC. FLEXIBLE BENEFIT PLAN, UHS DENTAL COMPONENT,<br><br>　　　　　　　　Plaintiffs<br><br>　　　vs.<br><br>AETNA, INC. and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-2715<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant Prudential Insurance Company of America's ("PICA") Motion to Dismiss, or In The Alternative, To Quash Purported Service Of Process, and any response thereto, it is hereby ORDERED that Plaintiffs' Complaint is dismissed.

　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　CLIFFORD SCOTT GREEN
　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL HEALTH SERVICES, INC. and UNIVERSAL HEALTH SERVICES, INC. FLEXIBLE BENEFIT PLAN, UHS DENTAL COMPONENT,<br><br>    Plaintiffs<br><br>    vs.<br><br>AETNA, INC. and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-2715<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant Prudential Insurance Company of America's ("PICA") Motion to Dismiss, or In The Alternative, To Quash Purported Service Of Process, and any response thereto, it is hereby ORDERED that the alleged process and the purported service of such process on PICA are quashed.

BY THE COURT:


CLIFFORD SCOTT GREEN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL HEALTH SERVICES, INC. and UNIVERSAL HEALTH SERVICES, INC. FLEXIBLE BENEFIT PLAN, UHS DENTAL COMPONENT,<br><br>　　　　　　　Plaintiffs<br><br>　　　vs.<br><br>AETNA, INC. and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-2715<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ("PICA") MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO QUASH PURPORTED SERVICE OF PROCESS

Defendant, Prudential Insurance Company of America ("PICA"), hereby renews its motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (b)(4), (b)(5), and (b)(6) (lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process, and failure to state a claim, respectively).  The reasons for dismissing Plaintiffs' Complaint are further set forth in the accompanying Memorandum of Law, and PICA's Motion to Dismiss and accompanying memorandum filed September 16, 2002, which are incorporated herein.

This Motion relates to the same complaint filed by Plaintiffs on May 7, 2002.  That complaint was never served within the time required by Rule 4(m), which alone warrants its dismissal.  Notwithstanding their failure to comply with Rule 4(m), Plaintiffs have caused the Court Clerk to provide them an "alias" summons, *after* the rule 4(m) period had already expired, and without any permission to do so beyond the expired period for serving process.  Plaintiffs

then purported to serve this improperly obtained "alias" summons on PICA—apparently acknowledging the previous "process" and efforts at service were not sufficient.[1]

To the extent Plaintiffs have yet again purported to set in motion this Court's "process" by its latest attempt to serve PICA, PICA hereby renews its prior Motion to Dismiss. Plaintiffs still are in violation of Rule 4(m), and, Plaintiffs latest service is not shown to be effective. Further, as set forth in the September 16, 2002 motion and related papers, the entire action should be dismissed otherwise for grounds appearing on the face of the Complaint.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.

/s/ Frederick P. Santarelli
JOHN M. ELLIOTT
FREDERICK P. SANTARELLI
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000

Counsel for Defendant, Prudential Insurance Company of America.

DATED:  November 4, 2002

---

[1] As the Court may recall, Plaintiffs previously purported to issue their own "home made" summons, which was not issued by the clerk, and then mailed that to PICA in a manner that clearly did not comply at all with the rules for such service. Again, these and other patent deficiencies are set forth in detail in the September 16, 2002 Motion filed by PICA.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL HEALTH SERVICES, INC.<br>and UNIVERSAL HEALTH SERVICES, INC.<br>FLEXIBLE BENEFIT PLAN, UHS DENTAL<br>COMPONENT,<br>　　　　　　　　Plaintiffs<br><br>　　　　vs.<br><br>AETNA, INC. and<br>PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-2715<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ("PICA") MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO QUASH PURPORTED SERVICE OF PROCESS

Plaintiffs have filed a return of service purporting that on or about October 15, 2002, they served Prudential Insurance Company of America ("PICA") in an office located in Trevose, Pennsylvania. Apparently, Plaintiffs concede the original "home made" summons they attempted to use previously was invalid and did not constitute process, and was not properly served either. Clearly, the September 16, 2002 Motion to Dismiss for insufficient process and insufficient service of process should be granted.

In any event, Plaintiff's latest attempt suffers from some of the same deficiencies, including the fact that the time period for serving process under the federal rules has long expired. *See* Fed.R.Civ.P. (4)(m) (see arguments set forth in detail in the September 16, 2002 Motion to Dismiss). Also, no valid summons was ever obtained prior to its expiration, and the "alias" summons that Plaintiffs caused the Clerk to issue should never have been issued in the first place, especially where Plaintiffs never even obtained any extension of the Rule 4(m) period for serving PICA.

Moreover, Plaintiffs' latest attempt at service of PICA is insufficient. First, Plaintiffs have not shown that the individual purportedly served was the person in charge of the office, and was authorized by PICA to accept service on behalf of PICA. Also, contrary to the conclusion proffered by Plaintiff in the return of service, said person did not "admit" that he was "the adult person in charge and authorized to accept service on behalf of Prudential Insurance Company of America". *See* Moore's Federal Practice 3d Ed. Vol. 1. §4.93 (stating "A summons may be quashed if service of process is made on a purported agent who was, in fact, not authorized by defendant to accept service").

Plaintiffs simply fail to meet their burden of showing that the person supposedly served was a managing or general agent authorized by appointment or by law to accept service pursuant to Rule 4(h). *See Alloway v. Wain-Roy Corporation*, 52 F.R.D. 203, 204-05 (E.D.Pa. 1971). In *Alloway*, the Court reiterated:

> the burden of showing the required agency is on the plaintiff. Here, we have no way of knowing the precise nature of Stott's work, the nature of his authority, the scope of his duties, or his position in the corporate organization. The mere fact that he is designated as a "manager" on the return does not indicate that he was clothed with the responsibility envisioned by the Federal or Pennsylvania rules as a proper person to receive service.

52 F.R.D. at 204-05 (citations omitted).

The insufficiencies in process and service are particularly important and affect substantive rights and defenses of PICA here, including because there are dispositive statute of limitations defenses due to Plaintiffs' inordinate delays in commencing the case. Plaintiffs' failure to comply with Rule 4(m) renders this case doubly barred on grounds of untimeliness. Failure to comply with Rule 4(m) clearly warrants dismissal of this action; and, any attempt to re-file the case would clearly be barred under any stretch of imagination Plaintiffs might later

attempt to offer. These and other arguments are set forth in detail in the September 16, 2002 Motion to Dismiss and other papers related thereto. Indeed, Plaintiffs themselves apparently acknowledge that this case will likely be dismissed pursuant to the pending motions, by virtue of the fact Universal Health Systems, Inc. has since filed a state court action purportedly as a "savings" action in anticipation of this court granting dismissal here. That action has been removed to this Court, is docketed at 02-cv-7856, and an October 21, 2002 motion to dismiss it is also pending.

For these reasons, and the many other reasons set forth in the pending motion to dismiss, as well as the grounds set forth in PICA's opposition to Plaintiffs' pending motion to extend the Rule 4(m) deadline, PICA respectfully requests that this Court dismiss Plaintiffs' Complaint. In the alternative, PICA requests that, at a minimum, the Court quash the purported "summons" and any alleged service.

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
   & EGAN, P.C.

Respectfully submitted,

/s/Frederick P. Santarelli
JOHN M. ELLIOTT
FREDERICK P. SANTARELLI
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000

Counsel for Defendant, Prudential Insurance Company of America.

DATED:  November 4, 2002

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day a copy of the foregoing is being served upon the persons and in the manner indicated below:

### U.S. Postal Service, First Class Mail

Ronald K. Meyer, Esquire
303 W. Lancaster Avenue, #101
Wayne, PA 19087
(610) 889-9339
(Counsel for Plaintiffs)


William J. Brennan, Esquire
Butera, Beausang Cohen Brennan
630 Freedom Business Center
Suite 212
King of Prussia, PA 19406
(610) 265-0800
(Co-counsel for Plaintiffs)

_____
/s/Frederick P. Santarelli
FREDERICK P. SANTARELLI

DATED: November 4, 2002